GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

BRUCE L. LAMON                    2738-0
  blamon@goodsill.com
BRETT R. TOBIN                    9490-0
  btobin@goodsill.com
Alii Place, Suite 1800
1099 Alakea Street
Honolulu, Hawai'i  96813
Telephone:  (808) 547-5600
Facsimile:  (808) 547-5880

SHEPPARD MULLIN RICHTER & HAMPTON LLP

M. ROY GOLDBERG
  rgoldberg@shepppardmullin.com
CHRISTOPHER M. LOVELAND
  cloveland@shepppardmullin.com
1300 I Street, N.W., Suite 1100 East
Washington, D.C. 20005-3314
Tel. (202) 218-0007
Fax (202) 312-9425

Attorneys for Plaintiff
AIR TRANSPORT ASSOCIATION OF
AMERICA, INC., dba Airlines for America

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| AIR TRANSPORT ASSOCIATION OF AMERICA, INC., dba Airlines for America<br><br>            Plaintiff,<br><br>  vs. | CIVIL NO. 10-00444 DAE/BMK<br><br>**STIPULATED JUDGMENT AND PERMANENT INJUNCTION; EXHIBIT A** |

3798198.1

NEIL ABERCROMBIE, in his Official Capacity as Governor of the State of Hawaiʻi, and RUSSELL S. KOKUBUN, in his Official Capacity as Chairperson of the Hawaiʻi Department of Agriculture,

                Defendants.

## STIPULATED JUDGMENT AND PERMANENT INJUNCTION

Pursuant to Rules 54, 57, 58 and 65(d) of the Federal Rules of Civil Procedure, and the parties' "Stipulation of Judgment and Permanent Injunction" attached as Exhibit A hereto, the Court hereby enters the following Stipulated Judgment and Permanent Injunction in this matter:

### RECITALS

WHEREAS, Hawaii Revised Statutes Chapter 150A, as amended by Act 173, S.B. No. 2523 (2010) (the "Hawaii Plant Quarantine Law"), which became effective July 1, 2010, requires transportation companies, including airlines, which sell transportation of freight into Hawaii to bill their customers a freight inspection fee based on the net weight of the freight (the "Freight Inspection Fee"), and imposes a fine of $50 or more per transaction if the airline fails to timely invoice its customers for the Freight Inspection Fee, and remit collected Fees to the Hawaii Department of Agriculture ("HDOA"); and

WHEREAS, on July 28, 2010, plaintiff Air Transport Association of America, Inc., d/b/a Airlines for America ("Plaintiff"), filed a "Petition for

Declaratory Order" with the United States Department of Transportation ("USDOT" or "Department"), docketed on September 29, 2010 as the <u>Hawaii Inspection Fee Proceeding, No.</u>, DOT-OST-2010-0243, which sought a ruling by the USDOT that the application of the Hawaii Plant Quarantine Law to airlines violates and is preempted by federal law (the "Administrative Proceeding"); and

WHEREAS, on July 29, 2010, Plaintiff filed the Complaint instituting this action against defendants Neil Abercrombie, in his Official Capacity as Governor of the State of Hawaii (substituted in place of former Governor Linda Lingle), and Russell K. Kokubun, in his Official Capacity as Chairperson of the Hawaii Department of Agriculture ("Defendants"); and

WHEREAS, Count Two of the Complaint asserts that, by requiring airlines to invoice and remit a Freight Inspection Fee, the Hawaii Plant Quarantine Law, as applied to airlines, violates and is preempted by the Anti-Head Tax Act ("AHTA"), codified at 49 U.S.C. § 40116, because it imposes a "charge" on the sale of the transportation of "property by aircraft"; and

WHEREAS, Count Three of the Complaint asserts that the Hawaii Plant Quarantine Law, as applied to airlines, violates and is preempted by the Airline Deregulation Act ("ADA"), codified at 49 U.S.C. § 41713(b)(1), because it is a "law . . . related to a price, route, or service of an air carrier" for which no statutory exemption applies; and

WHEREAS, Count Four of the Complaint alleges that the Hawaii Plant Quarantine Law, as applied to airlines, is invalid and unenforceable because it violates the Supremacy Clause of the Constitution of the United States, Article VI, in that it conflicts with Congressional directives in the AHTA and the ADA; and

WHEREAS, on October 12, 2010, this Court entered a stipulation and order for a temporary stay of this case, pending resolution of the Administrative Proceeding; and

WHEREAS, on January 23, 2012, the USDOT issued a Final Declaratory Order in the Administrative Proceeding, No. DOT-OST-2010-0243 (which USDOT served on January 24, 2012), ruling as follows:

> a. "The Department holds that the Hawaii Plant Quarantine Law as amended, [H.R.S.] § 150A (Act 173) and accompanying program requirements are preempted by the ADA, 49 U.S.C. § 41713";
>
> b. "The Department holds that the Hawaii Plant Quarantine Law as amended, [H.R.S.] § 150A (Act 173) and accompanying program requirements are preempted by the AHTA, 49 U.S.C. § 40116"; and
>
> c. "The Department holds that Hawaii may not enforce the Hawaii Plant Quarantine Law as amended, [H.R.S.] § 150A (Act 173) and accompanying program requirements against air carriers"; and

WHEREAS, Defendants have decided not to seek judicial review of the USDOT decision; and

4

WHEREAS, the parties have entered into the enclosed "Stipulation of Judgment and Permanent Injunction," attached as Exhibit A hereto, whereby they stipulate to the entry of this Stipulated Judgment and Permanent Injunction.

DATED: Honolulu, Hawai'i, March 6, 2012    /s/ Bruce L. Lamon
    M. ROY GOLDBERG
    BRUCE L. LAMON
    BRETT R. TOBIN

    Attorneys for Plaintiff
    AIR TRANSPORT ASSOCIATION
    OF AMERICA, INC., dba Airlines of
    America

DATED: Honolulu, Hawai'i, March 8, 2012    /s/ Myra M. Kaichi
    DEBORAH DAY EMERSON
    MYRA M. KAICHI

    Attorneys for Defendants
    NEIL ABERCROMBIE, RUSSELL
    S. KOKUBUN

APPROVED AS TO FORM:
DATED:  Honolulu, Hawaii, April 19, 2012.



_____
David Alan Ezra
United States District Judge

_____
*Air Transport Association of America, Inc. dba Airlines for America v. Neil Abercrombie, et al.*, Civil No. 10-00444 DAE BMK; STIPULATED JUDGMENT AND PERMANENT INJUNCTION

5